IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ------------------------------------------------------- : <br> MADISON PUGH, : <br> : <br> Petitioner, : <br> -vs- : <br> : <br> : <br> UNITED STATES OF AMERICA, : <br> : <br> Respondent. : <br> ------------------------------------------------------- : <br> : | CASE NO. 5:95 CR 0145 <br> 5:99 CV 01546 <br><br> MEMORANDUM OF OPINION AND <br> ORDER |

UNITED STATES DISTRICT JUDGE LESLEY WELLS

    Petitioner Madison Pugh places before the Court a pro se motion to "preserve peititoner's right to seek application for relief in light of the Supreme Court's decision in Depierre v. U.S. and Lafler v. Cooper." (Doc. 355).

    In his petition, Mr. Pugh is challenging his life sentence, suggesting that the sentence is unconstitutional in light of the Supreme Court's recent decision in Depierre v. United States, ——U.S. ——, 131 S.Ct. 2225, 180 L.Ed.2d 114 (2011). Petitioner further suggest he is entitled to an evidentiary hearing to explore the claim of his attorney's ineffectiveness under Lafler v. Cooper, __U.S.__, 132 S.Ct. 1376 (21 March 2012). The Court construes this filing as a successive petition brought by Mr. Pugh under 28 U.S.C. § 2255.

    Among other things, 28 U.S.C. § 2255 allows a federal prisoner to seek amendment of his or her sentence where the sentence imposed violates the

Constitution or the laws of the United States or exceeds the maximum sentence authorized by law.  Because Petitioner previously filed a motion under § 2255 that was fully adjudicated on the merits, this is Defendant's second § 2255 motion.  Pugh v. United States, 5:99 CV 1546 (filed in 5:95 CR 145, 29 June 1999).

A Petitioner seeking to file a second or successive motion under the statute first must ask the appropriate court of appeals for an order authorizing the district court to consider the petition.  See 28 U.S.C. § 2255(h).  When a Petitioner files a second or successive motion in the district court without authorization from the court of appeals, the district court must transfer the motion to the court of appeals pursuant to 28 U.S.C. § 1631.  In re Sims, 111 F.3d 45, 47 (6th Cir.1997).

Mr. Pugh has neither sought nor obtained permission from the Sixth Circuit Court of Appeals to file his § 2255 motion challenging his sentence.  His failure to comply with the gatekeeping requirements of the statute deprives this Court of jurisdiction to hear his claims.  Burton v. Steward, 549 U.S. 147, 149, 127 S.Ct. 793, 794, 166 L.Ed.2d 628 (2007) ( per curiam ).

Accordingly, the Clerk of the Court is directed to transfer Mr. Pugh's motion to the United States Court of Appeals for the Sixth Circuit.

IT IS SO ORDERED.

                                                /s/Lesley Wells
                                                UNITED STATES DISTRICT JUDGE

Date: 2 August 2012