**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **United States of America,** | ) | **CASE NO. 5:95 CR 145** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **Madison Pugh**, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

**Introduction**

This matter is before the Court upon defendant's Motion for Sentence Reduction Pursuant to Section 404 of the First Step Act. For the following reasons, the motion is GRANTED.

**Facts**

The facts are not disputed. Following a 1995 jury trial, defendant was convicted of conspiracy to distribute and to possess with the intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 846, and 841(a)(1). Prior to trial, the government filed notice under 21 U.S.C. § 851 of its intent to seek a statutorily enhanced sentence under 21 U.S.C. § 841(b)(1)(A)

1

based on defendant's prior state drug convictions. On August 26, 1996, Judge Wells sentenced defendant to life imprisonment. The Sixth Circuit affirmed noting that "the severity of the sentence was based on Pugh's two prior felony drug convictions." On November 4, 2016, President Obama issued an executive grant of clemency reducing defendant's life sentence to 360 months of imprisonment. Defendant has served 288 months to date. Defendant states that he is currently scheduled to be released on July 15, 2020.

This matter is now before the Court upon defendant's Motion for Sentence Reduction Pursuant to Section 404 of the First Step Act.

**Discussion**

Defendant now seeks a reduced sentence pursuant to the First Step Act (enacted December 21, 2018). This act effectively makes the provisions of the Fair Sentencing Act of 2010 retroactive to defendants who were sentenced prior to August 3, 2010. The act allows courts to reduce the sentences of defendants as if the Fair Sentencing Act were in effect at the time the defendant's offense was committed. § 404 (Application of Fair Sentencing Act) of the First Step Act states:

> **(a) Definition of Covered Offense** – In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010.
>
> **(b) Defendants Previously Sentenced** – A court that imposed a sentence for a covered offense may, on motion of the defendant the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if Sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed.
>
> **(c) Limitations** – No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act (Public Law

2

111-220; 124 Stat. 2372), or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

Thus, under this act, a court is authorized to impose a reduced sentence for defendants with crack cocaine convictions. The First Step Act "retroactively applies the Fair Sentencing Act's lower statutory sentencing ranges and allows the Court to bring past sentences into line with the lower ranges." *United States v. Copple*, 2019 WL 486440 (S.D.Illinois Feb. 7, 2019). A defendant is eligible for a discretionary reduction when the penalty provisions of the Fair Sentencing Act of 2010 would have applied to the defendant had that act been in effect at the time of the original sentencing. In particular, § 404 of the First Step Act makes retroactive Sections 2 and 3 of the Fair Sentencing Act. Section 2 of the Fair Sentencing Act increased the drug amounts triggering mandatory minimums for crack offenses from 5 grams to 28 grams with respect to the 5-year minimum and from 50 grams to 280 grams with respect to the 10-year minimum. *Dorsey v. United States*, 567 U.S. 260, 26 (2012).

Defendant asserts that because his offense involved crack cocaine and he was sentenced before August 3, 2010 (effective date of the Fair Sentencing Act) and would have been subject to the Fair Sentencing Act had it been in effect at the time of his original sentencing, he is eligible for relief. Nor, defendant maintains, do either of the limitations of § 404(c) apply. Namely, he is currently serving a sentence of 360 months under the pre-Fair Sentencing Act statutory structure for a crack cocaine offense and this is his first § 404 motion.

The government argues that defendant is not eligible under the First Step Act because he received the previous commutation of sentence and, therefore, is no longer serving a sentence for an offense for which the statutory penalties were modified by the Fair Sentencing Act. Rather,

3

he is serving a new sentence imposed by President Obama. The government points to *United States v. Surratt*, 855 F.3d 218 (4th Cir. 2017), where the Fourth Circuit dismissed as moot a habeas challenge to a mandatory life sentence for a crack offense following a presidential commutation. The concurring opinion noted that defendant was "no longer serving a judicially imposed sentence, but a presidentially commuted one." Likewise, the government maintains that because defendant is serving a presidentially commuted sentence, he is not eligible to be re-sentenced as though he was now subject to the Fair Sentencing Act.

Defendant disagrees with the government's position. For the following reasons, the Court agrees with defendant.

First, the Court finds that defendant is eligible for relief under the First Step Act, § 404(a) and (b), above. Specifically, the act defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010." There is no dispute defendant falls into this category. Nor is there a dispute that Judge Wells "imposed a sentence" for the covered offense. Second, § 404(c) places only two limitations on a court's authority to "entertain a motion" under the act. Specifically, the sentence cannot be reduced if 1) "the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act" or (2) "a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits." Neither of those circumstances exist here.

Furthermore, defendant points out that President Obama commuted the sentences of 1,715 non-violent drug offenders. This occurred just two years prior to the passage of the First

4

Step Act. Congress certainly had knowledge of such and did not include defendants whose sentences had been commuted in the limitations clause of § 404(c). This is persuasive support that Congress did not intend to do so.

Moreover, defendant maintains that the government's position that defendant "is no longer serving a sentence for an offense for which the statutory penalties were modified by the Fair Sentencing Act, but rather a new sentence imposed by the President" (Doc. 364 at 4) is unsupportable. Again, this Court agrees. The government quotes *Surrat, supra.* But, the quote comes from a concurring opinion without citation to any authority. Instead, the Constitution vests legislative powers in Congress, judicial powers in the courts, and the execution of laws in the president.

While the president has the power to "grant Reprieves and Pardons for Offenses against the United States," this is not the power to "impose a sentence" or vacate a court's judgment. *See Nixon v. United States,* 506 U.S.224 (1993) ("But the granting of a pardon is in no sense an overturning of a judgment of conviction by some other tribunal; it is "[a]n executive action that mitigates or sets aside punishment for a crime." Black's Law Dictionary 1113 (6th ed. 1990)") As defendant's supporting authority shows, commutation is not a "new sentence" imposed by the President. "Commutation is the executive act reducing the terms of a sentence already imposed, substituting lesser for greater punishment." *Hagelberger v. U.S.,* 445 F.2d 279 (5th Cir. 1971). "Like a full pardon, a presidential commutation does not overturn the sentence imposed by the sentencing court... A presidential commutation does not invalidate the prior court-imposed judgment.... "[T]he granting of a pardon is in no sense an overturning of a judgment of conviction by some other tribunal." *United States v. Buenrostro*, 895 F.3d 1160 (9th Cir. 2018)

(quoting *Nixon, supra*). The commutation does not create a "new judgment." *Id.*

Accordingly, the Court agrees with defendant that the President has no constitutional role in "defining crimes or fixing penalties" which are legislative functions, *United States v. Evans,* 333 U.S. 483 (1948), or imposing sentences, *Ex parte United States,* 242 U.S. 27 (1916) ("... to impose the punishment provided by law, is judicial."). And, for these reasons, the Court also agrees that the commutation is not a newly imposed presidential sentence, but a modification of one previously imposed by a court which Congress and the courts have the power to reduce.

Because, as discussed above, defendant is eligible for a sentence reduction and no limitation applies, the Court may entertain his motion. In the motion, defendant asked that the Court order a hearing to impose a reduced sentence under the current statutory penalties. Defendant explained that he was convicted under 21 U.S.C. § 841(b)(1)(A) which, previous to the Fair Sentencing Act, set a threshold of 50 grams of crack cocaine to trigger the statutory mandatory minimums to which he was subject to. Because the jury made no finding as to the specific drug amount, subsequent Supreme Court precedent requires that defendant cannot be responsible for more than 50 grams. Thus, under the Fair Sentencing Act, defendant's statutory penalty is now five to forty years. His prior convictions result in a reduced enhancement of ten years to life. Accordingly, the mandatory minimum is now ten years (reduced from life). Defendant states that his sentencing guideline range has also been reduced to 210 to 262 months. The government's response only addressed eligibility. In the reply brief, defendant specifically requests that the Court reduce his sentence from 360 months to 288 months, which would effectively be the sentence of time served, and reduce his term of supervised release to eight years. The Court agrees this is a fair sentence as defendant has served more than would be

required at a minimum under the Fair Sentencing Act.  The Court hereby sentences defendant to 288 months with credit for time served, plus a term of supervised release of 8 years.

**Conclusion**

For the foregoing reasons, defendant's Motion for Sentence Reduction Pursuant to Section 404 of the First Step Act is granted.

IT IS SO ORDERED.


/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Chief Judge

Dated: 3/25/19